UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:19-CV-00609-WFJ-AAS

**JEREMY JACKSON**, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

**PAYCRON INC.,** a Florida company,

*Defendant*.

**CLASS ACTION**

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND
FOR LEAVE TO TAKE DISCOVERY PRIOR TO ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rules 23 and 55 and Local Rule 4.04, Plaintiff Jeremy Jackson requests that the Court (1) certify the two Classes identified in the complaint and (2) grant Plaintiff leave to take discovery to identify members of the Classes and determine the amount of damages they are entitled to prior to the entry of final judgment.

**Background and Procedural History**

1. On March 11, 2019, Plaintiff filed a class action complaint against Paycron [D.E. 1]. In the complaint, Plaintiff asserts two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The first is for violation of the TCPA's prohibition against making autodialed solicitations to cellular telephone numbers. The second claim is for violation of the TCPA's prohibition against making 2 or more solicitation calls in a 12-month period to telephone numbers registered on the national Do Not Call registry for more than 30 days. Pursuant to Federal Rules 23(b)(2) and 23(b)(3), Plaintiff seeks to certify Classes of similarly situated consumers in connection with both claims.

2.     On March 13, 2019, Plaintiff effected service of process on Paycron by serving its registered agent. *See* return of service [D.E. 4]. Accordingly, Paycron was required to respond to Plaintiff's complaint by April 3, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, Paycron failed to respond to the complaint, appear in the action, or otherwise indicate that it intended to defend the action.

3.     On April 4, 2019, Plaintiff sent a letter to Paycron as a courtesy after Paycron failed to respond to the complaint or otherwise appear. Paycron failed to respond to or otherwise acknowledge the letter.

4.     On April 10, 2019, the undersigned contacted Paycron through its live chat function on its website to confirm that it had received the complaint and/or letter, and to inquire whether it intended to respond to the complaint or otherwise defend this action. Paycron's representative acknowledged receipt of the complaint and stated that it provided the complaint to an attorney, but refused to provide Paycron's attorney's contact information. Paycron then indicated that its attorney would take whatever action she or he deemed fit in response to the complaint.

5.     On April 12, 2019, 9 days after Paycron was required to respond to the complaint, Plaintiff moved for entry of a clerk's default [D.E. 5]. On April 15, 2019, the clerk entered a default as to Paycron [D.E. 6]. As a result of Paycron's default, Plaintiff now requests that the Court certify the two Classes alleged in the complaint, and requests leave to conduct discovery to identify members of the Classes and determine the amount of damages they are entitled to.

## The Court Should Certify the Classes

6. "[A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Saade v. Insel Air*, No. 17-22003-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 59189, at *4 (S.D. Fla. Apr. 4, 2019) (internal annotations omitted).

7. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 U.S. Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019) (internal annotations and citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant).

8. Pursuant to Federal Rule 23(b)(2) and 23(b)(3), Plaintiff seeks certification of the following two classes:

> **Autodialed Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) using the same dialing equipment used to call Plaintiff, (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior

3

express written consent to call Plaintiff, or (b) Defendant does not claim to have obtained prior express written consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the national Do Not Call registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff, or (b) Defendant does not claim to have obtained prior express written consent.

The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

9. In support of certification of the classes, Plaintiff has alleged the following facts sufficient to satisfy Rule 23's requirements, and Defendant has admitted each of these facts:

   a. As to numerosity, Plaintiff alleges that there are at least hundreds of class members. Complaint at ¶ 51. This evidenced by the fact that "telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers," the many online complaints regarding Paycron's unsolicited calls, the fact that Paycron ignored Plaintiff's request not to be called anymore, and that Paycron used an autodialer, which is used precisely because of its capacity to call consumers *en masse*. *Id.* at ¶¶ 3, 23-26, 34, 38-39.

b. As to typicality, Plaintiff alleges that he is a member of both classes because he received more than one unsolicited, autodialed solicitation call from Paycron in a twelve-month period commencing more than 30 days after he registered his telephone number on the national Do Not Call registry. *Id*. at ¶¶ 27-46.

c. As to commonality and predominance, Plaintiff alleges that common questions for the class include: whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes; whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose phone numbers were registered with the DNC; whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes despite being asked to stop calling; whether Defendant's conduct constitutes a violation of the TCPA; and whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct. *Id*. at ¶ 52.

d. As to adequacy, Plaintiff alleges that he will fairly and adequately represent and protect the interests of the Classes, and that he has retained counsel competent and experienced in class actions. *Id*. at ¶ 53. Plaintiff also alleges that he no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. *Id*. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. *Id*. Neither Plaintiff nor his counsel has any interest adverse to the Classes. *Id*.

    e.  As to superiority, Plaintiff alleges that Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. *Id*. at ¶ 54. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. *Id*. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. *Id*. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. *Id*. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. *Id*.

10.    The Court should therefore certify the Classes.

### The Court Should Grant Plaintiff Leave to Take Discovery

11.    Pursuant to Federal Rule 55(d)(2): "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *See also* Local Rule 4.04(b) ("If discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting.").

12. Discovery is needed to identify recipients of Paycron's TCPA violative calls, and to determine the total number of calls each Class member received so that statutory damages of $500 per call can be determined on a Classwide and per Class member basis.

13. Accordingly, Plaintiff requests leave to take discovery to identify members of the Classes and to determine damages as contemplated by Rule 55(d)(2). Specifically, Plaintiff seeks to serve third party subpoenas on Paycron's officer, Louis Alessi, and registered agent, George Werner, as identified by Paycron's 2018 corporate filings, in an effort to obtain call logs from them or identify any third party that would have access to information regarding Paycron's TCPA violative calls.

WHEREFORE, Plaintiff Jackson requests that the Court certify the Classes, grant leave to take discovery, and provide such further relief as is just and proper.

Respectfully submitted,

Dated: April 15, 2019

By: */s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar No. 48382)
kaufman@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

<u>/s/ Avi R. Kaufman</u>