UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 8:19-CV-00609-WFJ-AAS

JEREMY JACKSON, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

PAYCRON INC., a Florida company,

*Defendant*.

CLASS ACTION

## ORDER GRANTING CONDITIONAL CLASS CERTIFICATION

This cause came before the Court on Plaintiff Jeremy Jackson's motion to certify two classes in connection with Plaintiff's Telephone Consumer Protection Act claims against defaulted Defendant Paycron, Inc. *See* [D.E. 7]. For the reasons explained below, the Court conditionally grants certification of a single class of consumers that received unsolicited telemarketing calls made by or on behalf of Defendant using an automatic telephone dialing system subject to Plaintiff obtaining evidence sufficient to (1) identify members of the class for purposes of effectuating class notice and (2) determine classwide and per class member damages prior to the entry of final judgment.

### BACKGROUND

On March 11, 2019, Plaintiff filed a class action complaint against Defendant, asserting two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. One claim was for violation of the TCPA's prohibition against making autodialed solicitations to cellular telephone numbers. The second claim was for violation of the TCPA's prohibition against making two or

more solicitation calls in a 12-month period to telephone numbers registered on the national Do Not Call registry for more than 30 days.

On March 13, 2019, Plaintiff effected service of process on Defendant by serving its registered agent. *See* return of service [D.E. 4].

On April 12, 2019, 9 days after Defendant was required to respond to the complaint, Plaintiff moved for entry of a clerk's default [D.E. 5]. On April 15, 2019, the clerk entered a default as to Defendant [D.E. 6].

## LEGAL STANDARD FOR DEFAULT CLASS CERTIFICATION

"[A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Saade v. Insel Air*, No. 17-22003-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 59189, at *4 (S.D. Fla. Apr. 4, 2019) (internal annotations omitted).

There are four prerequisites for class certification under Federal Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000). In addition, Plaintiff must establish that one or more of the grounds for maintaining the suit as a class action are met under Rule 23(b). Plaintiff seeks certification under Rule 23(b)(3), which requires (1) predominance of the questions of law or fact common to the members of the class over any questions affecting only individual members; and (2) superiority

2

of a class action for the fair and efficient adjudication of the controversy. *See Amchem*, 521 U.S. at 625.

"[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 WL 1392453, at *1 (M.D. Fla. Mar. 28, 2019) (internal annotations and citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 WL 10600304, at *3 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant).

## FINDINGS

Based on Plaintiff's well-pleaded allegations of fact, which are deemed admitted as a result of Defendant's default, and as further explained below, the Court finds that each of the prerequisites for class certification is satisfied and conditionally certifies the following class pursuant to Federal Rule 23(b)(3):

> **Autodialed Class:** All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) using the same dialing equipment used to call Plaintiff, (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff, or (b) Defendant does not claim to have obtained prior express written consent.[1]

---

[1] The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

Although Plaintiff also requested to certify a class corresponding to his claim under the TCPA's Do Not Call registry provision, as the Court noted during the hearing on Plaintiff's motion, it appears likely that there is significant overlap between the two classes. Therefore, given the conditional nature of this certification, the Court denies without prejudice Plaintiff's request to certify the Do Not Call registry class. Plaintiff may renew his motion to certify the Do Not Call registry class if warranted at the time Plaintiff moves for final certification of the Autodialed Class.

## Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." In general terms, the Eleventh Circuit has found that "less than twenty-one [prospective class members] is inadequate, [while] more than forty [is] adequate." *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986)).

The Court finds that there are likely hundreds of class members. *See* Complaint [D.E. 1] ¶ 51. This evidenced by the fact that "telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers," the many online complaints regarding Defendant's unsolicited calls, the fact that Defendant ignored Plaintiff's request to stop calling him, and that Defendant used an autodialer, which is used precisely because of its capacity to call consumers *en masse*. *Id.* ¶¶ 3, 23-26, 34, 38-39.

## Commonality

The commonality requirement ensures that class certification is predicated on "questions of law or fact common to the class." Federal Rule 23(a)(2). Notably, it "does not require that *all* of the questions of law or fact raised by the case be common to all the plaintiffs." *Walco Invs.,*

*Inc. v. Thenen*, 168 F.R.D. 315, 325 (S.D. Fla. 1996) (emphasis in original). The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 685 (S.D. Fla. 2004).

The Court finds that the entire case revolves around an alleged common course of telemarketing that resulted in the same injury to Plaintiff and Class members. The common questions for the Class therefore include: whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes; whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes despite being asked to stop calling; whether Defendant's conduct constitutes a violation of the TCPA; and whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct. Complaint ¶ 52.

### Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). Representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical. *Brown v. SCI Funeral Servs. of Fla., Inc.*, 212 F.R.D. 602, 605 (S.D. Fla. 2003). Moreover, if "the same unlawful conduct was directed at or affected both the class representatives and the class itself, the typicality requirement is usually met irrespective of varying fact patterns which underlie the individual claims." *Davis v. S. Bell Tel. & Tel. Co.*, No. 89-2839-civ-Nesbitt, 1993 WL 593999, *4 (S.D. Fla. Dec. 23, 1993).

The Court finds that Plaintiff satisfies the typicality requirement because he received the same unsolicited, autodialed calls made by or on behalf of Defendant as the other members of the Class. Complaint ¶¶ 27-46.

### Adequacy

The adequacy element of Rule 23(a)(4) requires that Plaintiff and his counsel be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means Plaintiff must have "no interests antagonistic to the class," and his counsel must be qualified to represent the class. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314-15 (S.D. Fla. 2001).

The Court finds that Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Complaint ¶ 53. Plaintiff and his counsel have demonstrated that they are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.

### Predominance

"The Rule 23(b)(3) predominance inquiry test whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *AmChem*, 521 U.S. at 623-24 (predominance criterion is "far more demanding" than Rule 23(a)'s commonality requirement). Predominance focuses on the relationship between the common and individual issues. *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citation omitted).

The Court finds that the predominance requirement is satisfied because the common questions of law and fact relevant to the Class's TCPA claim have common answers for the Class, including specifically the question of whether the calls made by or on behalf Defendant were made using an autodialer. Complaint ¶ 52.

### Superiority

The superiority analysis focuses on the efficiency of instituting a class action. Federal Rule 23(b)(3)(a)-(d). Plaintiff contends that a class action is superior to separate actions for each member of the putative Class. Citing the factors identified by Rule 23(b)(3), Plaintiff claims that the class action vehicle provides the most efficient, effective, and economic means of settling the controversy. A class action is superior if "[s]eparate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983) (citations omitted). Or if "it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, [and] aggrieved persons may be without any effective redress unless they may employ the class-action device." *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980).

The Court finds that class treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. Complaint ¶ 54. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiff. *Id.* Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. *Id.*

## CONCLUSION

Based on these findings, the Court conditionally certifies the Autodialed Class defined above, and appoints Plaintiff Jeremy Jackson as Class representative and Avi R. Kaufman and Kaufman P.A. as Class Counsel. Plaintiff is directed seek to obtain evidence sufficient to (1) identify members of the Class for purposes of effectuating class notice and (2) determine Classwide and per Class member damages prior to the entry of final judgment. Plaintiff is ordered to submit a motion for final certification or status report regarding his discovery efforts within 90 days of the date of this order.

**DONE AND ORDERED** in Tampa, Florida this 13th day of May, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE