AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| JEREMY JACKSON *Plaintiff* v. PAYCRON, INC. *Defendant* | Civil Action No. 8:19-cv-00609-WFJ-AAS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: George Werner
1016 E 15th Ave. Tampa, FL 33605
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: kaufman@kaufmanpa.com or Kaufman PA, 400 NW 26th St, Miami, FL 33127 | Date and Time: 06/04/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2019

*CLERK OF COURT*

OR

_____        /s/ Avi R. Kaufman
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff , who issues or requests this subpoena, are:

Avi R. Kaufman, Kaufman P.A., 400 NW 26th St, Miami, FL 33127, kaufman@kaufmanpa.com, (305) 469-5881

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:19-cv-00609-WFJ-AAS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 8:19-cv-00609-WFJ-AAS   Document 14-1   Filed 06/06/19   Page 3 of 8 PageID 59

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computer's hard drive, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a formal compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format.

### DEFINITIONS

1. When used in these Requests, "Defendant" means Paycron, Inc., including any subsidiaries or affiliated enterprises, and its officers, directors and employees. Paycron asserts that its principal place of business is at 102 Tarpon Ave., Tarpon Springs, FL 34689.

2. When used in these Requests, "Werner", "you", or "your" (or synonyms thereof) means George Werner, registered agent of Paycron, Inc., and includes Paycron, any subsidiaries or affiliated enterprises, and their officers, directors and employees. Mr. Werner claims his address is 1016 E 15th Ave. Tampa, FL 33605.

### REQUESTS

**Request No. 1:** All documents reflecting all calls (including attempted calls) for each of the persons in the set of calls described below. A complete answer will include at least the following:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

    b. Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.);

    c. Information identifying the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g., Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial, Lead Science, Ytel), the location for call origination, and the dialer's capacities; and

    d. Any documents showing the prior express consent of the called party to be called.

Set 1:

All calls that were made by Paycron, or any of its vendors or third parties, to generate leads for Paycron or to sell Paycron's goods or services or to sell another entity's goods or services since January 1, 2015.

**Request No. 2:** If there are documents responsive to the prior request in the hands of third parties or vendors, documents sufficient to identify those third parties or vendors.

**Request No. 3:** All documents, contracts and correspondence identifying which entity's or entities' services Paycron has promoted on telemarketing calls since January 1, 2015.

**Request No. 4:** All documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to Defendant, or to any individual or entity retained by Defendant, in any way relating to allegations of unlawful telemarketing during the putative class period. This includes all complaints, as well as all responses and investigations into the same.

**Request No. 5:** All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment for the claims asserted in this lawsuit.

**Request No. 6:** All documents concerning coverage or reserving rights regarding any insurance agreements described in the preceding request. This request seeks correspondence, internal documents, and documents concerning any actual or threatened insurance-related litigation.

**Request No. 7:** Documents sufficient to identify all officers, directors, and employees of Paycron.

**Request No. 8:** Documents sufficient to identify all vendors and third parties involved in Paycron's business practices.

**Request No. 9:** All documents relating to the Plaintiff, or the phone number 814-876-0282.

**Request No. 10:** Communications with any third party concerning the litigation captioned on the subpoena.

## RETURN OF SERVICE

UNITED STATES DISTRICT COURT
Middle District of Florida

Case Number: 8:19-CV-00609-T-02AAS

Plaintiff:
**JEREMY JACKSON, et. al.,**

vs.

Defendant:
**PAYCRON INC.,**


CPN2019016491

For:
AVI R. KAUFMAN
KAUFMAN P.A.
31 SAMANA DRIVE
MIAMI, FL 33133

Received by CAPLAN, CAPLAN & CAPLAN on the 14th day of May, 2019 at 4:43 pm to be served on **GEORGE WERNER, 1016 E 15TH AVE, TAMPA, FL 33605**.

I, Ana Castillo, do hereby affirm that on the **16th day of May, 2019** at **10:55 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In A Civil Action and Schedule "A"** to: **GEORGE WERNER** with the date and hour of service endorsed thereon by me, at the address of: **1016 E 15TH AVE, TAMPA, FL 33605**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60', Sex: M, Race/Skin Color: WHITE, Height: 5'11, Weight: 185, Hair: WHITE, Glasses: Y

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Certified Process Server in the county in which this defendant/witness was served and have no interest in the above action. Pursuant to FS 92.525(2), no notary is required.

Ana Castillo
CPS 04-616218

**CAPLAN, CAPLAN & CAPLAN**
**33 SW 2ND AVE**
**Suite 402**
**MIAMI, FL 33130**
**(954) 462-1800**

Our Job Serial Number: CPN-2019016491

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

MAY 14 2019

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

DATE 5/16/19  TIME 10:55AM

| JEREMY JACKSON | ) | INITIAL _AQ_ BADGE# 04-616213 |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:19-cv-00609-WFJ-AAS |
| PAYCRON, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: George Werner
1016 E 15th Ave. Tampa, FL 33605

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: kaufman@kaufmanpa.com or Kaufman PA 400 NW 26th St, Miami, FL 33127 | Date and Time: 06/04/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2019

*CLERK OF COURT*
OR

_____     /s/ Avi R. Kaufman
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
_____, who issues or requests this subpoena, are:
Avi R. Kaufman, Kaufman P.A., 400 NW 26th St, Miami, FL 33127, kaufman@kaufmanpa.com, (305) 469-5881

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

4049
/6491