# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JEREMY JACKSON, individually and on behalf of others similarly situated,

    Plaintiff,

v.                                CASE NO.  8:19-cv-609-T-02AAS

PAYCRON, INC.,

    Defendant.

_____/

## **ORDER**

Before the Court is Plaintiff's Motion to Compel Production of Documents in Response to Subpoena and to Hold Non-Party in Contempt (Dkt. 14) and the response to the recent show cause order (Dkts. 18, 19).[1]

A subpoena to produce documents was served on a non-party, George Werner, on May 16, 2019.  Dkt. 14-1 at 7-8.  Mr. Werner is the registered agent for Defendant Paycron, Inc.  Dkt. 19 ¶ 1; Dkt. 18 at 5.  Mr. Werner never complied with the subpoena, filed objections, or moved to quash.  On the pending motion to compel, the Court issued an order to show cause in writing why Mr. Werner

---

[1] The response at docket 18 is unsigned with attachments.  The response at docket 19 is signed with none of the attachments.

should not be held in contempt. Dkt. 16. He was personally served with a copy of the show cause order on June 25, 2019. Dkt. 17.

On July 5, 2019, Mr. Werner filed a signed, unsworn written response to the prior show cause order. Dkt. 19. He states that he does not have "a corporate book for Paycron, Inc., and is unaware whether one has been ordered." *Id*. ¶ 2. He "presumes" that no company stock issued, and no bank account has been opened. *Id*. He is "unaware" of any employees hired. *Id*. He claims "[t]here are no documents in [his] possession, or information in the undersigned's knowledge, which are not reflected in the Florida Secretary of State's records." *Id*. ¶ 5. He provides no basis or explanation for his presumptions and lack of knowledge, and reveals no attempts made to obtain the subpoenaed documents from the company of which he serves as registered agent.

The Court finds the unsworn written response insufficient. It is therefore

**ORDERED AND ADJUDGED:**

1) Plaintiff may set Mr. Werner for a deposition *duces tecum* by noticing him personally. Mr. Werner is ordered to attend a deposition *duces tecum* set by Plaintiff, and is ordered to comply with the subpoena and notice therefor.[2]

---

[2] *See* Fed. R. Civ. P. 45(d) and (g); *Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir.) ("If a witness disregards the subpoena and fails to comply

2) If George Werner is set for deposition *duces tecum* and does not appear in person, he will be held in contempt of Court without further notice or hearing, and will be taxed reasonable attorney's fees and costs incurred by Plaintiff in connection with this matter, to be considered via separate motion.

3) Counsel for Plaintiff shall serve a copy of this order on Mr. Werner and file forthwith proof of same. The Clerk is directed to mail a copy of this order to George Werner, 1016 East 15th Avenue, Tampa, Florida 33605.

**DONE AND ORDERED** at Tampa, Florida, on July 9, 2019.

_s/*William F. Jung*_
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
George Werner

---

without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order."), *cert. denied sub. nom. Hastings v. Godbold*, 477 U.S. 904 (1986).

-3-